**The below described is SIGNED.**

Dated: September 30, 2014        

                                  **R. KIMBALL MOSIER**
                                  **U.S. Bankruptcy Judge**

---

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>Charles W. Bennington and<br>Christina M. Bennington,<br><br>              Debtors, | Bankruptcy Number:  12-27710<br><br>Chapter 11<br><br>Judge R. Kimball Mosier |
| Bill Bowman,<br><br>              Plaintiff,<br><br>v.<br><br>Charles W. Bennington and<br>Christina M. Bennington,<br><br>              Defendants. | Adversary Proceeding No.  13-2357 |

### MEMORANDUM DECISION ON MOTION TO DISMISS

      On September 30, 2013, the Plaintiff, Bill Bowman (Bowman), commenced this adversary proceeding to revoke the order of confirmation of the Debtors' Chapter 11 Plan under 11 U.S.C. § 1144.  On March 17, 2014, the Debtors, Charles W. Bennington and Christina M. Bennington (Debtors), filed a motion to dismiss Bowman's amended complaint.  The Debtors' motion to dismiss came before the Court on May 28, 2014. At the hearing on the motion to

dismiss, the Debtors were represented by Matthew M. Boley of Parson Kinghorn Harris. Bowman appeared *pro se*.

## I. PROCEDURAL BACKGROUND

1. On June 13, 2012, the Debtors commenced this Chapter 11 bankruptcy proceeding.

2. The Debtors listed Bowman on their Schedule F as a creditor holding an unsecured nonpriority claim, designating the claim of Bowman as disputed, and including Bowman in the official mailing matrix.

3. Since its inception, Bowman has played an active role in the Debtors' bankruptcy proceeding.[1]

4. On January 15, 2013, the Debtors filed their Plan of Reorganization and Disclosure Statement (Dockets 72 and 73 respectively).

5. On February 19, 2013, Bowman filed an objection to the Debtors' Disclosure Statement (Docket 80).

6. Bowman's objection to the Debtors' Disclosure Statement[2] alleges various facts and discusses the Debtors' disclosure of information in their schedules, statements of affairs, and other pleadings.

---

[1] The docket in the Debtors' main case (12-27710) shows that Bowman actively participated in almost every aspect of the Debtors' bankruptcy proceeding. A court may take judicial notice of its own files and records, as well as facts which are a matter of public record. *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000).

[2] The Court is not weighing the truth or falsity of the allegations contained in the Debtors' Disclosure Statement or Bowman's objection; rather, the Court is taking judicial notice of the contents of the Debtors' Disclosure Statement and the contents of Bowman's objection.

7. On February 27, 2013, Bowman filed a Motion to Dismiss and Alternately Motion for Relief from Stay (Docket 92) (Motion to Dismiss).

8. Bowman's Motion to Dismiss, in part, alleges that the Debtors made knowing misrepresentations, false assertions, and multiple errors of disclosure; that the Debtors failed to disclose certain facts; and that the Debtors acted in bad faith.[3]

9. On February 28, 2013, the Debtors filed a Disclosure Statement and a Chapter 11 Plan of Reorganization (Dockets 93 and 94 respectively).

10. The Debtors' Disclosure Statement was approved by an order entered on March 1, 2013 (Docket 96).

11. On April 11, 2013, the Debtors filed a Chapter 11 Ballot Register and Report of Balloting (Docket 124).

12. Bowman voted to reject the Debtors' plan.

13. On April 17, 2013, a hearing on the confirmation of the Debtors' Chapter 11 plan came before the Court. Debtors' counsel, the United States Trustee, and Bowman attended and participated in the confirmation hearing.

14. On April 18, 2013, the Court entered Findings and Conclusions Regarding Confirmation of Debtors' Chapter 11 Plan and entered an Order Confirming Debtors' Chapter 11 Plan (Dockets 134 and 135 respectively).

15. No appeal from the Order Confirming Debtors' Chapter 11 Plan has been filed.

---

[3] Once again, and throughout this analysis, the Court is not weighing the truth or falsity of either the Debtors' or Bowman's allegations, but the Court is taking judicial notice of the contents of the documents.

16. On November 4, 2013, the Debtors filed a motion to dismiss Bowman's complaint (Docket 3 of adv. proc.).

17. Because no reply or objection was filed in response to the Debtors' motion to dismiss, the motion was granted on December 5, 2013 (Docket 7 of adv. proc.).

18. On December 11, 2013, Bowman filed a motion to reconsider, to which the Debtors objected (Dockets 9 and 12 of adv. proc. respectively).

19. On February 20, 2014, the Court entered an order vacating the order dismissing the adversary proceeding (Docket 16 of adv. proc.).

20. The order vacating the order of dismissal specifically provided that "Plaintiff shall have until March 11, 2014 to amend his complaint and to state his claims with particularity and with sufficient detail to comply with the requirements of Federal Rule of Bankruptcy Procedure 7009."

21. On February 28, 2014, Bowman filed Plaintiff's First Amended Complaint (Docket 18 of adv. proc.) (Amended Complaint).

22. On March 17, 2014, the Debtors filed a motion to dismiss the Amended Complaint (Docket 19 of adv. Proc.).

## II. ANALYSIS

When considering a motion to dismiss, the court must accept all factual allegations in the complaint as true and "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial

4

notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's amended complaint alone is legally sufficient to state a claim for which relief may be granted." *Brokers' Choice of America, Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1135 (10th Cir. 2014). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (citations omitted). When considering "a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 555 (citation and internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true." *Id.*

Bankruptcy Code § 1144 provides that "[o]n request of a party in interest at any time before 180 days after the date of the entry of the order of confirmation, and after notice and a hearing, the court may revoke such order *if and only if such order was procured by fraud*." 11 U.S.C. § 1144 (emphasis added). The proponent of a cause of action brought under § 1144 must prove the following elements:

> (1) a representation by the debtor regarding compliance with § 1129;
> (2) which was materially false;
> (3) that was either known by the debtor to be false, or was made without belief in its truth, or was made with reckless disregard for the truth;
> (4) that was made to induce the court to rely upon it;
> (5) that the court did rely upon; and
> (6) that as a consequence of such reliance, the court entered the confirmation order.

5

*Tenn-Fla Partners v. First Union Nat'l Bank of Florida*, 229 B.R. 720, 730 (W.D. Tenn. 1999), *aff'd* 226 F.3d 746 (6th Cir. 2000).

The allegations found in the Amended Complaint do not meet the requirements necessary to revoke the Debtors' confirmation order. Although the Amended Complaint attempts to describe many fraudulent acts, it fails to describe any fraud that was used to induce the Court into reliance. Specifically the Amended Complaint does not allege any connection between the alleged fraud and the Court's decision to enter the confirmation order. Some of the alleged fraud described in the Amended Complaint does not appear to be material, and some of the fraud alleged appears to be irrelevant to confirmation of the Debtors' plan. After the hearing of February 18, 2014, where the Court vacated the order dismissing Bowman's original complaint, the Court made it clear that any amended complaint filed by Bowman must *state his claims with particularity* and with *sufficient detail* to comply with the requirements of Rule 7009. "At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where and how' of an alleged fraud, and must 'set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof.'" *U.S. ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 727 (10th Cir. 2006) (quoting *Koch v Koch Indus.*, 203 F.3d 1202, 1236 (10th Cir. 2000). The Amended Complaint falls short of this requirement. In particular, the Amended Complaint fails to show any nexus between the alleged fraud and the Debtors' procurement of the order of confirmation.

Almost all of the allegations found in the Amended Complaint were raised by Bowman prior to the confirmation hearing in such a way that at the confirmation hearing, the Court and creditors were made aware of the allegations when considering the question of plan

confirmation. The allegations of fraud raised in Bowman's objection to the Debtors' Disclosure Statement and Bowman's motion to dismiss were made known to the Court and creditors well before the hearing on confirmation and therefore cannot serve as a basis to revoke the Debtors' confirmation order under § 1144.

The Court is aware that the Debtors' account held in a U.S. Bank branch in California was not disclosed to the Court or discovered by Bowman until after entry of the order of confirmation. But the Amended Complaint fails to allege how the Debtors' failure to disclose the account assisted the Debtors in procuring confirmation. Bowman does not allege that the failure to disclose the account was a material nondisclosure, nor does Bowman allege that there were significant funds in the account.[4]

The allegations contained in the Amended Complaint fail for the following reasons: 1) the alleged fraud had already been called to the attention of the Court and creditors prior to or at the confirmation hearing, and accordingly there could be no reliance; 2) the allegations, on their face, do not describe a material misrepresentation or failure to disclose that was used by the Debtors to procure the order of confirmation; and 3) the allegations lack any factual bases and are instead mere labels or conclusions that are not supported by the alleged facts. In addition, the Amended Complaint fails because it does not plead fraud with the requisite particularity as required under Rule 7009 and this Court's prior order.

---

[4]The Amended Complaint at paragraph 19 tells us that a William E. Cooper discovered the account by depositing $10.00 into the account, but gives the Court no other information concerning the account.

Even when viewed in the light most favorable to Bowman, the allegations found in the Amended Complaint do not state a cause of action under 11 U.S.C. § 1144 upon which relief can be granted. Accordingly, adversary proceeding 13-2357 should be dismissed.

-------------------------------------------------End of Document-------------------------------------------

_____ooo0ooo_____

## DESIGNATION OF PARTIES TO BE SERVED

Service of the foregoing Memorandum Decision on Motion to Dismiss shall be served to the parties and in the manner designated below:

**By Electronic Service:** I certify that the parties of record in this case as identified below, are registered CM/ECF users and will be served notice of entry of the foregoing Order through the CM/ECF system:

Matthew M. Boley    mmb@pkhlawyers.com, jh@pkhlawyers.com

**By U.S. Mail -** In addition to the parties of record receiving notice through the CM/ECF system, the following parties should be served notice pursuant to Fed R. Civ. P. 5(b).

Bill Bowman
3702 North 35th Street
Phoenix, AZ 85018